UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN ROTH ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| FOCUS RECEIVABLES ) | |
| MANAGEMENT LLC ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Carmen Roth, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Carmen Roth, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in the District.

## III. PARTIES

4. Plaintiff, Carmen Roth, is an adult natural person residing at 7255 Pah Rah Drive, Sparks, NV 89436. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Focus Receivables Management LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt with a registered office at 830 Bear Tavern Road, Trenton, New Jersey 08628-1020 and its principal place of business located at 1130 N. Chase Parkway, Ste. 150 Marietta, GA 30067.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around November, 2009, Plaintiff began receiving calls from Defendant's agent, "Mr. Jones", to her home collecting on a debt allegedly owed to

Chrysler for around $750. Defendant's agent, "Mr. Jones", informed the Plaintiff that she needed to make immediate arrangements for payment on this debt.

8. Plaintiff informed Defendant's agent, "Mr. Jones", that she was using the law firm of Persels & Associates to help aid her in the settlement of her debts and asked him to please contact them directly on this matter.

9. Plaintiff was informed by Defendant's agent, "Mr. Jones", that they would not work with a third party.

10. Around this same time, Plaintiff also began receiving calls to her place of employment speaking directly with Ms. Roth's boss and informing him that it was an attempt to collect a debt.

11. Plaintiff has continually asked Defendant's agent, "Mr. Jones", not to call her in work. However, the agent has placed as many as four (4) calls a day since that time explaining to the Plaintiff that he would not stop calling her in work until this debt is paid.

12. Plaintiff again asked Defendant's agent, "Mr. Jones", to call her at home only, Defendant's agent, "Mr. Jones", told Plaintiff that she never answers her home phone, so he will keep calling her at the office.

13. On or around January 20, 2010, Plaintiff's boss transferred another call to her from Defendant's agent, "Mr. Jones", and informed Plaintiff that if another call was received from Defendant she would be written up. Plaintiff is now extremely frightened that she will lose her job over this matter.

14. On or around that same day, January 20, 2010, Persels & Associates sent a letter of cease and desist to the Defendant stating that they had been retained by the

Plaintiff to represent her for limited Power of Attorney as well as debt settlement negotiations.  Defendant was also informed to cease all further contact with the Plaintiff pursuant to The Fair Debt Collections Practices Act.  **See Exhibit "A" (letter) attached hereto.**

15. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

16. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

  §§ 1692f  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Focus Receivables Management LLC, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

       **Respectfully submitted,**

       **WARREN & VULLINGS, LLP**

**Date: January 27, 2010**  **BY:**  _/s/ **Bruce K. Warren**_

       Bruce K. Warren, Esquire

       _/s/ **Brent F. Vullings**_

       Brent F. Vullings, Esquire
       Warren & Vullings, LLP
       1603 Rhawn Street
       Philadelphia, PA  19111
       215-745-9800   Fax 215-745-7880
       Attorneys for Plaintiff